FILED
8/22/2019 11:10 AM
Delia Sellers
District Clerk
Liberty County, TX

Cause No. CV1915043

| | | |
|---|---|---|
| MOISES MARES d/b/a AARON'S TIRE AND REPAIR SERVICE, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| V. | § § | 253rd   JUDICIAL DISTRICT |
| SCOTTSDALE INSURANCE COMPANY, | § § § § | |
| Defendant. | § | LIBERTY COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Aaron's Tire and Repair Service ("Plaintiff"), and files this, his Original Petition and Request for Disclosure against Defendant Scottsdale Insurance Company ("Defendant"), and in support thereof would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this matter under Level 3, in accordance with Texas Rule of Civil Procedure 190.4.

### PARTIES

1. At all relevant times, Plaintiff owned property at 108 E Hwy 90, Dayton, TX 77535.

2. Defendant is an insurance company doing business in the State of Texas and, pursuant to Texas Insurance Code §804, may be served with process by serving its agent for service of process, the Commissioner of the Texas Department of Insurance, 333 Guadalupe, Austin, Texas, 78701.

1

**EXHIBIT 2**

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

4. All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Liberty County, Texas. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Liberty County, Texas. The damages being sought by Plaintiff are in excess of the minimum jurisdictional requirements of this Court.

5. The Court has personal jurisdiction over Defendant because Defendant does business in the State of Texas and because Defendant issued a policy of insurance covering property that is located in this district.

## PLAINTIFF'S LOSS

6. Plaintiff owned the property at 108 E Hwy 90, Dayton, TX 77535 (the "Property") at all relevant times.

7. The Property sustained significant windstorm damage when Hurricane Harvey ("Harvey") struck the Houston, Texas area on or about August 25, 2017.

8. Defendant issued an insurance policy (Policy No. CPS2578157) (the "Insurance Policy") covering the Property, which was in full force and effect at the time Harvey struck.

9. Plaintiff had paid all premiums for the Insurance Policy when Harvey damaged Plaintiff's property.

10. The Insurance Policy covered Plaintiff's Property for damage caused by windstorm, among other perils.

11. Plaintiff has already incurred and will incur significant expenses to repair the windstorm damage that Harvey caused at the Property.

2

12. Shortly after Harvey, Plaintiff notified the Defendant of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy.

13. Defendant assigned an adjuster to investigate and adjust the loss.

14. The adjuster visited the property but failed to fully and fairly investigate the loss.

15. The adjuster prepared a damage estimate but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with recognized claims handling standards.

16. The adjuster improperly omitted and undervalued covered losses from windstorm damage caused by Harvey to the Plaintiff's Property.

17. Defendant failed to pay Plaintiff for covered windstorm damage to the Property caused by Harvey.

18. Plaintiff submitted a damage assessment to the Defendant, seeking payment of the damaged property, less the policy deductible.

19. The amount sought by the Plaintiff was based on a firsthand inspection and damage assessment prepared by Plaintiff's experts. The damage assessment included a room-by-room, line-by-line, unit cost damage estimate. Plaintiff's experts found that the windstorm damage greatly exceeded the amount and scope of the Defendant's adjustment.

20. Defendant has unreasonably refused to acknowledge Plaintiff's expert's damage assessment as a basis for coverage and has failed to issue payment based on said damage assessment.

21. Harvey windstorm caused every loss Plaintiff has identified.

22. Defendant knows that Plaintiff is entitled to payment of insurance proceeds under the terms of the property insurance policy that Defendant issued for the items of loss that Plaintiff has identified.

23. Defendant has no reasonable basis for refusing to pay for the Harvey windstorm losses for which Plaintiff seeks insurance proceeds.

24. Defendant's actions constitute a breach of the common law duty of good faith and fair dealing.

25. Defendant has knowingly and intentionally misrepresented Plaintiff's insurance coverage to Plaintiff to avoid complying with its contractual obligation to pay for Plaintiff's covered losses due to Harvey windstorm damage.

26. Defendant's obstinate refusal to acknowledge its coverage responsibilities out of court has required Plaintiff to file this action, thereby causing Plaintiff and this Court to endure unnecessary burden, expense, and delay.

27. Plaintiff has filed this suit to recover the amount owed under the Insurance Policy, which Defendant wrongfully denied.

## COUNT I
## BREACH OF CONTRACT

28. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

29. Plaintiff and Defendant entered into a contract for insurance coverage when Plaintiff purchased and Defendant issued the Insurance Policy.

30. Plaintiff paid his policy premiums and otherwise maintained the Insurance Policy, which was in good standing at the time the Property sustained windstorm loss in August 2017.

4

31. Plaintiff has complied with all obligations owed under the Insurance Policy, including conditions precedent to recovery.

32. Defendant, however, has breached its contractual obligations by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented in Plaintiff's written demand for payment and supporting documents.

33. Defendant's improper denial has harmed Plaintiff by denying the money to which Plaintiff is entitled under the terms of the Insurance Policy.

## COUNT II
## VIOLATION OF TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES AND MISREPRESENTATION OF INSURANCE POLICY

35. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

36. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code § 541.060; and Misrepresentation of Insurance Policy, §541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

37. Defendant's practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1); § 541.061.

38. Defendant's practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Insurance Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A); § 541.061.

5

39. Defendant's practice of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3); § 541.061.

40. Defendant's practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

41. Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## COUNT III
## VIOLATION OF TEXAS INSURANCE CODE: PROMPT PAYMENT OF CLAIMS

42. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

43. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code, Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

44. Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

45. Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

46. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

47. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

48. The Insurance Policy was an insurance contract that existed between the Plaintiff and the Defendant. The Insurance Policy provided coverage for named windstorms during the life of the policy, providing coverage for dwelling.

49. As a party to the Insurance Policy contract, Defendant owed a duty of good faith and fair dealing to the Plaintiff.

50. However, Defendant engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiff.

51. By failing to timely and adequately assess the Plaintiff's damages, refusing to properly adjust the loss, and refusing to pay money it owed under the Insurance Policy, despite knowing the damage was covered thereunder, Defendant has acted arbitrarily, capriciously, in a manner inconsistent with the reasonable expectations of the Plaintiff, and in violation of the duties of good faith and fair dealing.

52.     For these reasons and others set out in this Petition, Defendant breached the duty of good faith and fair dealing owed to the Plaintiff, proximately causing Plaintiff to suffer damages, including economic damage and emotional distress caused by the denial.

53.     Defendant is liable to Plaintiff for compensatory, consequential, and punitive damages as well as attorney fees, costs, expenses, pre-judgment interest, and all other damages and relief as this Court deems just and appropriate.

## COUNT V
## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES/ CONSUMER PROTECTION ACT

54.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

55.     Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). The DTPA, Section 17.46, *et seq.*, of the Texas Business and Commerce Code, provides additional protection to consumers who are victims of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation, and for attorneys' fees. Defendant's conduct in engaging in such acts and practices has resulted in actual and consequential damages to Plaintiff and supports an award for treble damages.

56.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Deceptive Trade Practices Act and were a producing cause of Plaintiff's damages described herein.

57.     Plaintiff is entitled to actual damages resulting from these violations of the law. These damages include the sums Defendant has wrongfully refused to pay and any consequential damages to Plaintiff's economic welfare in the future, including any exacerbation of economic

condition occasioned by the delay in payment of these claims. Plaintiff is also entitled to recovery of treble damages for Defendant's knowing violations.

## DAMAGES

58. The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiff to suffer damages which include, without limitation, the cost to properly repair the damage to Plaintiff's property.

59. Defendant "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiff is entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

60. Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with malice and gross negligence as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages.

61. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

62. As a result of Defendant's conduct described herein, Plaintiff has been forced to retain the undersigned attorney to prosecute this action. Plaintiff is entitled to recover reasonable attorneys' fees under any applicable statute.

63. Plaintiff is entitled to the recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

9

64. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the materials described in T.R.C.P. Rule 194.2.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that after a trial on the merits, Plaintiff recover from Defendants damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorneys fees, costs of court, and all interest allowed by statute and common law and for such other relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted,

August 21, 2019

s/ Shane McClelland
Shane McClelland
TX Bar# 24046383
Attorney-in-Charge for Plaintiff
The Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax:   (832) 827-4207
Email: Shane@hmtrial.com

*Attorney for Plaintiff*